UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Lutheran Brotherhood Variable Insurance Products Company Sales Practices Litigation | File No. 99-MDL-1309 PAM |
| This relates to ALL ACTIONS | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT** |

**WHEREAS** Plaintiffs and Defendant entered into a Stipulation of Settlement, with exhibits (collectively, the "Settlement Agreement"), dated December 14, 2004, to settle this class action; and

**WHEREAS** the Court entered an Order dated December 16, 2004 (the "Findings and Order Preliminarily Certifying a Class for Settlement Purposes, Appointing Lead Counsel for the Class, Directing the Issuance of Notice to the Class, and Scheduling a Fairness Hearing" (hereinafter "Hearing Order")), preliminarily certifying the putative class in this action for settlement purposes under Federal Rule of Civil Procedure 23, ordering individual notice to potential class members, scheduling a Fairness Hearing for June 7, 2005, and providing those persons with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement; and

**WHEREAS** the Court held a Fairness Hearing on June 7, 2005, to determine whether to give final approval to the proposed settlement; now, therefore

Based on the submissions of the parties and Class Members, and on the evidence adduced at the Fairness Hearing, it is hereby **ORDERED**, **ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents**.  This Final Order and Judgment incorporates and makes a part hereof:

    a.  The Settlement Agreement agreed to on December 28, 2004, and filed with this Court on December 30, 2004;

    b.  The following exhibits to the Settlement Agreement:

    (i)    Exhibit A (Relief and Scoring of Claims and Awarding Relief in the Lutheran Brotherhood Claim Review Process);

    (ii)   Exhibit B (the Class Notice Package);

    (iii)  Exhibit C (the Hearing Order Form);

    (iv)   Exhibit D (the Publication Notice);

    (v)    Exhibit E (Statement to Accompany Offers of Relief Made After Notice Date);

    (vi)   Exhibit F (the Confidentiality Stipulation);

    (vii)  Exhibit H (the Post-Settlement Mailing and Claim Form);

    (viii) Exhibit I (the Simplified Underwriting); and

    (ix)   Exhibit J (the Special Master Agreement)

    c.  The Findings of Fact and Conclusions of Law entered by the Court in this Action.

2. **Jurisdiction**.  The Court has personal jurisdiction over all Class Members (as defined below) and has subject-matter jurisdiction over this action, including, without

limitation, jurisdiction to approve the proposed settlement, grant final certification of the Class, and dismiss this action on the merits and with prejudice.

3. **Final Class Certification**. The Class this Court previously certified preliminarily (see December 15, 2004, Hearing Order), is hereby finally certified for settlement purposes under Federal Rule Civil Procedure 23. The Class consists of all persons or entities ("Class Members") who between January 1, 1982, through September 15, 2004, inclusive, purchased an ownership interest in one or more whole life, universal life, or variable life insurance policies, issued by Lutheran Brotherhood, Lutheran Brotherhood Variable Insurance Products Company, or Thrivent Financial for Lutherans, but does not include (unless such persons or entities are Class Members by virtue of their ownership interest in other Policies) any person or entity

  a. Who had (at the time of the insured's death) an ownership interest in such Policy where the Insured died while the Policy was in-force and a death benefit was paid or is payable;

  b. Who signed a document that releases Lutheran Brotherhood or Thrivent from any further Claims concerning the Policy;

  c. Whose rights and claims respecting the Policy have been finally adjudicated in a court of law or in Thrivent's ADR process as set forth in the Thrivent Bylaws, Section 12;

  d. Who is or was an officer (vice president or above) or in-house counsel of Lutheran Brotherhood or Thrivent, or the spouse or other immediate family member thereof;

  e. Who is timely excluded from the Class;

  f.  Any insurance company that has or had an ownership interest in the Policy pursuant to an absolute assignment effected as part of an Internal Revenue Code §1035 exchange; or

  g.  Any person whose claims or potential claims were addressed by accord and satisfaction.

A list of those persons who have excluded themselves from the Class, and who therefore are not bound by this Final Order and the accompanying Final Judgment, is attached to the Affidavit of Kristin L. Dahl in Support of Final Approval at Exhibit 3 and is incorporated herein and made a part hereof.

Concurrently with the certification of this Class for the purposes of settlement, the Court also decertifies the litigation Class that was certified on June 6, 2001, and vacates that certification.

  4.  **Adequacy of Representation**.  The law firm of Lockridge Grindal and Nauen P.L.L.P. ("Lead Counsel"), and the Plaintiffs have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule Civil Procedure 23.

  5.  **Class Notice**.  The Court finds that the distribution of the Class Notice and the publication of the Publication Notice in accordance with the terms of the Settlement Agreement and this Court's Hearing Order:

  a.  Constituted the best practicable notice to Class Members under the circumstances of this action;

  b.  Was reasonably calculated, under the circumstances, to apprise Class Members of:

      (i)      The pendency of this class action;

      (ii)     Their right to exclude themselves from the Class and the proposed settlement;

      (iii)    Their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation of the Class by Plaintiffs or Lead Counsel, and/or the award of attorneys' fees and expenses);

      (iv)    Their right to appear at the Fairness Hearing — either on their own or through counsel hired at their own expense — if they did not exclude themselves from the Class, and

      (v)     The binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

   c.    Was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and

   d.    Fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rule 23(c)(2) and Rule 23(e)), the United States Constitution (including the Due Process Clause), the Local Rules of the United States District Court for the District of Minnesota, and any other applicable law.

6.    **Final Settlement Approval**.  The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Local Rules of the United States District Court for the District of Minnesota, and any other applicable law.

7. **Early Implementation**. The Defendant is hereby authorized, in its sole discretion but in consultation with Lead Counsel, and without requiring further approval of this Court, to implement the settlement before the Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date the Defendant elects to implement the settlement.

8. **Appeal After Early Implementation**. If the Defendant chooses to exercise its discretion to implement the settlement before the Final Settlement Date, anyone seeking to appeal from this Court's rulings must first:

   a. Request to intervene upon a representation of inadequacy of counsel

   b. Request a stay of implementation of the settlement; and

   c. Post an appropriate bond.

Unless a would-be appellant satisfies all three of these requirements, the Defendant is authorized to implement the settlement before the Final Settlement Date, even if such implementation would moot any appeal.

9. **Post-Settlement Mailing**. The parties are hereby directed to mail the Post-Settlement Mailing and Claim Form attached as Exhibit H to the Settlement Agreement.

10. **Binding Effect**. The terms of the Settlement Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiffs and all other Class

Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have <u>res judicata</u> and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this action or are otherwise encompassed by the Release.

11. **Release and Waiver**. The following Release and Waiver, which is also set forth in Section VIII of the Settlement Agreement, is expressly incorporated herein in all respects, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Releasees from any claims or liabilities arising from or related to the Released Transactions:

    a. **Release and Waiver**. Plaintiffs and the Class Members agree to the following release and waiver, which shall take effect upon entry of the Final Order and Judgment:

        (i) Plaintiffs and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators and successors, hereby expressly agree that they release and discharge the Releasees from, and shall not now or hereafter institute, maintain or assert against the Releasees, either directly or indirectly, on their own behalf, on behalf of the Settlement Class or on behalf of any other person or entity, any and all causes of action, claims, damages, equitable, legal and administrative relief, declaratory relief, interest, demands or rights, including, without limitation, claims for rescission or restitution or for all damages of any kind, including those in excess of actual damages, and claims for mental anguish, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Member against the Releasees or any of them in the Actions or in any other court action or before any administrative body (including any brought on behalf of any state Attorney General or Department of Insurance or other regulatory

entity or organization), tribunal, arbitration panel or other adjudicatory body, on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions, which include without limitation:

    (A)    Any or all of the acts, omissions, facts, matters, transactions or occurrences that have been, could have been, may be or were directly alleged, asserted, described, set forth or referred to in the Actions;

    (B)    Any or all of the acts, omissions, facts, matters, transactions, occurrences, sales presentations, illustrations, or any oral or written statements or representations allegedly made in connection with or directly or indirectly relating to the Released Transactions, including, without limitation, any acts, omissions, facts, matters, transactions, occurrences, or oral or written statements or representations relating to:

        (1)    Vanishing Premium or the Vanishing Premium Concept feature;

        (2)    The number and/or amount of out-of-pocket payments that were paid or would need to be paid to sustain any life insurance policy, the Policy or the Policies;

        (3)    The ability to keep or not to keep the Policy or the Policies in-force based on a fixed number and/or amount of premium payments (less than the number and/or amount of payments required by the terms of the Policies); and/or the amount that would be realized or paid under the Policies based on a fixed number and/or amount of cash payments (less than the number and/or amount of payments required by the terms of the Policies), whether in the form of (i) cash value, and/or (ii) death, retirement or periodic payment benefits, and/or (iii) Retirement/Investment Plan-type benefits;

        (4)    The dividends, interest or other Policy credits, credited or to be credited to premiums paid on the

    Policy or the Policies, or to amounts within the Policy or Policies, and the expenses (including all charges and other deductions) charged or to be charged against the Policy or Policies;

(5) The relationship between the Policy's or Policies' cash surrender value and the cumulative amount, number and/or frequency of premiums paid;

(6) The rate of return on premiums paid in terms of cash value or cash surrender value;

(7) The use of an existing policy's cash value or cash surrender value or other policy value by means of a surrender, partial surrender, withdrawal, partial withdrawal, or loan to purchase or maintain a new Policy or Policies or another life insurance policy, and/or the replacement or rollover of an existing life insurance policy or Policy with or into a new Policy;

(8) The Defendant's investment practices; dividend determinations and interest crediting practices; its policy loan, cost of insurance and administrative charge practices; its policy or premium charges and monthly deductions; its illustrations of interest crediting rates, policy charges, premium charges, monthly deductions, cost of insurance and administrative charges, cash values or death benefits; or any other matters relating to dividend determinations, interest crediting rates, policy charges, premium charges, monthly deductions, cost of insurance, and administrative charges or policy loans;

(9) The manner in which the Defendant trained and supervised its General Agents and District Representatives concerning the sale of the Policies; and

    (10) The adequacy, sufficiency, and accuracy of disclosures, illustrations, sales materials, and other documents and materials.

  (C) Any and all claims for attorneys' fees, costs or disbursements incurred by Lead Counsel or any other counsel representing Plaintiffs or Settlement Class Members in the Actions, or by Plaintiffs or the Settlement Class Members, or any of them, in connection with or related in any manner to the Actions, the settlement of the Actions, the administration of such settlement and/or the Released Transactions, except to the extent otherwise specified in the Agreement.

(ii) Nothing in this Release shall be deemed to:

  (A) Alter a Settlement Class Member's contractual rights (except to the extent that such rights are altered or affected by the election and/or award of benefits under the Agreement) to make a claim for benefits that will become payable in the future pursuant to the express written terms of the Policy Form; or

  (B) Release or waive a claim of theft or embezzlement of initial premiums (that would result in nonissuance of a Policy), or theft or embezzlement of premiums following issuance of a Policy, <u>provided</u> <u>however</u>, that such claims as are not encompassed by the term "Released Transactions" shall be subject to the Alternative Dispute Resolution incorporated in the Thrivent Financial for Lutherans Bylaws, Section 12.

(iii) Plaintiffs and the Settlement Class Members expressly understand that §1542 of the Civil Code of the State of California provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." To the extent that such a law may apply (because of or notwithstanding the Parties' choice of law in the Agreement), Plaintiffs and the Settlement Class Members hereby agree that the provisions of all

    such or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Settlement Class Members.

(iv) In connection with this Release, the Plaintiffs and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein or with respect to their Policies for acts, facts, circumstances or transactions occurring or arising during the Class Period. Nevertheless, it is the intention of the Plaintiffs and the Class Members in executing this Release fully, finally and forever to settle and release all such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies; <u>provided however</u>, that nothing in this Release, including Paragraphs 11(a)(i)(B)-(C), shall prevent a Class Member who discovers, after the date by which written elections of the Claim Review Process must be postmarked, facts that arise out of or relate to the administration or servicing of a Policy after its purchase (not including the matters described in (A) Section IV of Exhibit A respecting limited premium payment claims, or (B) Section V of Exhibit A) and that could not have been known with the exercise of reasonable care as of the date by which written elections of the Claim Review Process must be postmarked from submitting a claim based on such facts, and such claim shall be subject to the Alternative Dispute Resolution incorporated in the Thrivent Financial for Lutherans Bylaws, Section 12.

(v) In connection with this Release, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the Released Transactions herein or with respect to their Policies. Nevertheless, it is the intention of Plaintiffs and the Settlement Class Members in executing this Release fully, finally and forever to settle and release all such matters, and all claims relating thereto, which

exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding); provided however, that nothing in this Release shall prevent a Settlement Class Member who discovers after the Final Settlement Date facts that arise out of or relate to the administration or servicing of a Policy and that could not have been known as of the Final Settlement Date with the exercise of reasonable care — from bringing such a claim based on such facts.

(vi) Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

(vii) Plaintiffs and the Settlement Class Members hereby agree and acknowledge that the provisions of this Release together constitute an essential term of the Agreement.

12. **Permanent Injunction**. All Settlement Class Members who have not been timely excluded from the Class with respect to a Policy are hereby permanently barred and enjoined from:

a. Filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits from, any lawsuit (including putative class action lawsuits), administrative, or regulatory proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Transactions (as that term is defined in the Settlement Agreement); and

b. Organizing Settlement Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Transactions as to that Policy.

The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and the accompanying Final Judgment.

13. **Enforcement of Settlement**. Nothing in this Final Order and the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order and the accompanying Final Judgment preclude Plaintiffs or Class Members from participating in the Claim Evaluation Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

14. **Attorneys' Fees and Expenses**. Counsel of record for the Class are hereby awarded attorneys' fees in an amount of $11.9 million and reimbursement of their disbursements and expenses in the amount of $1.1 million, to be paid by the Defendant to Lead Counsel. Such fees and expenses are to be paid by the Defendant within twenty (20) days after entry of this Final Order Approving the Class Action and Final Judgment, subject to the conditions set forth in the Settlement Agreement. Lead Counsel shall, subject to the conditions set forth in the Settlement Agreement, allocate and distribute this award of attorneys' fees and expenses among counsel for the Class. In addition, subject to the conditions set forth in the Settlement Agreement, the named Plaintiffs in the Action will receive a payment from the Defendant to compensate them for the expense and burden they incurred in serving as class representatives in this matter as follows:  $20,000 to each of the

seven named plaintiffs in the Consolidated and Amended Class Action Complaint filed December 14, 2004. Defendant shall make such payment within twenty (20) days after the Final Settlement Date, subject to the conditions set forth in the Settlement Agreement.

15. **No Other Payments**. The preceding paragraph of this Final Order and the accompanying Final Judgment covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Lead Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action, any claims deemed settled or released by settlement of this Action, the administration of such settlement, and/or the Released Transactions except to the extent otherwise specified in this Final Order and the accompanying Final Judgment and the Settlement Agreement.

16. **Modification of Settlement Agreement**. The parties are hereby authorized, pursuant to Section XII of the Settlement Agreement, and without notice to or the further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement — including without limitation, the Post-Settlement Mailing materials and the forms to be used in the Claim Review Process — as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

17. **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final

Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

    a.    Enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment, etc.);

    b.    Entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c.    Entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

Provided however, that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under Subsections XI.J through XI.L of the Settlement Agreement.

18.    **No Admissions**. Neither this Final Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Final Order and the Final Judgment) is, may be construed as, or may be used as an admission or concession by or against the Defendant or Plaintiffs of, the validity of any claim, defense or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to

it, shall not in any event be construed as, or deemed evidence of, an admission or concession by either Defendant or Plaintiffs as to the Defendant's denials or defenses or Plaintiffs' claims, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; <u>provided</u> <u>however</u>, that this Final Order and Final Judgment and the Settlement Agreement may be filed in any action against or by the Defendant or Releasees (as defined in the Settlement Agreement) to support a defense of <u>res</u> <u>judicata</u>, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

19. **Dismissal of Action**. This action, including all individual and Class claims resolved in it, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Final Order and Final Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 27, 2005

s/ Paul A. Magnuson<br>
Paul A. Magnuson<br>
United States District Judge